[No. 2276.]

ELSIE PERRY *v.* THE STATE.

1. PRACTICE.—VENUE of the offense, as alleged in the indictment, must be shown by the record to have been proved. Otherwise a conviction can not stand.

2. EMBEZZLEMENT—EVIDENCE —See the opinion in extenso for evidence, *held* insufficient to support a conviction for embezzlement of a razor.

APPEAL from the County Court of Henderson. Tried below before the Hon. W. R. Dickerson, County Judge.

The conviction in this case was for the embezzlement of a razor, of the value of one dollar and fifty cents. The penalty assessed against the appellant was a fine of three dollars and confinement in the county jail for five hours.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE There is no proof of venue shown by the record; that is, it is not made to appear that the supposed offense was committed in Henderson county.

In addition to this objection to the conviction, in our opinion, the facts as developed fail to sustain it. Appellant was charged with embezzling a razor, the property of one J. F. Deen, who had placed the same in his hands, as agent, to sell—said razor being worth one dollar and fifty cents. It is shown, by the evidence, that Deen had given two razors to defendant to sell for him, defendant being a barber. Deen shaved out the price of one of the razors, but which one he does not tell us. He does say: "One of the razors was a very good one; the other one was

sorry. The good (one) was worth one dollar and fifty cents." Again he says: "I have never asked the defendant for the razor, or for pay for it, neither before he left nor since his return; have never had any conversation with him in reference to the razors. Don't know whether defendant still has the razor, or, if he has disposed of it, in what manner he disposed of it." There is no evidence that defendant has ever disposed of either of said razors.

Now, if Deen shaved out the value of one of the razors, which was it? If the one worth one dollar and fifty cents, then the evidence does not establish the charge. For he says the other was a "sorry" razor—so "sorry," in fact, that he does not place any value upon it at all, if indeed a "sorry" razor has any value. If Deen shaved out the value of a razor, and the "sorry" razor had no value, then he must have shaved out the value of the one worth one dollar and fifty cents, and defendant has been convicted for embezzling the "sorry" one, which is entirely valueless so far as the proof goes.

This is the uncertain state of the evidence in this case. It is too uncertain and insufficient to sustain the conviction, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*